JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  310-507-7924
Fax:  310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

TODD M. FRIEDMAN (SBN 216752)
ADRIAN R. BACON (SBN 280322)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
8730 Wilshire Boulevard, Suite 310
Beverly Hills, California 90211
Telephone: (877) 206-4741
Fax: (866) 633-0228
*tfriedman@attorneysforconsumers.com*
*abacon@attorneysforconsumers.com*

***Attorneys for Plaintiff and all others similarly situated***

**THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| MICHAEL MACAULEY, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey business entity; VOLKSWAGEN OF AMERICA, INC., a New Jersey business entity; VOLKSWAGEN AG; A German business entity; and DOES 1 through 20, inclusive, and each of them, | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1)  Violation of Cal. *Bus. Prof. Code* §§ 17600, *et seq*. ("UCL");**<br>**(2)  Violation of Cal. *Bus. Prof. Code* §§ 17500, *et seq*. ("FAL");**<br>**(3)  Violation of California Consumer Legal Remedies Act, Cal. *Civ. Code* §§ 1750, *et seq*. ("CLRA");**<br>**(4)  Breach of the Implied** |

Kristensen Weisberg, LLP<br>12304 Santa Monica Blvd, Suite 100<br>Los Angeles, California 90025

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Warranty of Merchantability,
Cal. *Com. Code* § 2314

(5) **Breach of Contract**

(6) **Violation of Song-Beverly Consumer Warranty Act for Breach of Express Warranties, Cal. *Civ. Code* §§ 1791.2 and 1793.3(D));**

(7) **Violation of Song-Beverly Consumer Warranty Act for Breach of Implied Warranties, Cal. *Civ. Code* §§ 1791.1 and 1792;**

(8) **Violation of Magnusson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et* seq.;**

(9) **Fraud by Concealment;**

(10) **Negligent Misrepresentation.**

**DEMAND FOR JURY TRIAL**

**DECLARATION OF MICHAEL MACAULEY**

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1    Plaintiff Michael Macauley ("Plaintiff"), on behalf of himself and all others

2    similarly situated, alleges the following upon information and belief based upon

3    personal knowledge:

## NATURE OF THE CASE

4

5    1.    During the past few decades, the public has become increasingly

6    aware of the devastating effects that vehicle emissions, which can include air

7    pollutants, toxic chemicals and agents, and other dangerous particulates, can have

8    on the human body.  In an effort to promote and protect the health of American

9    public, the United States has enacted a variety of laws that place strict regulations

10   on the allowable levels of emissions in the vehicles that automobile manufacturers

11   market in this country.  This matter arises from the actions of Defendants

12   VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN OF

13   AMERICA, INC., VOLKSWAGEN AG, and DOES 1 through 20 (hereinafter

14   referred to collectively as "Defendants" or "VW"), who, in the name of turning a

15   profit and gaining an edge in the highly competitive "eco-friendly" vehicle

16   market, have deliberately and maliciously flouted United States laws and

17   Environmental Protection Agency regulations by manufacturing and selling

18   vehicles that are designed to only pass State and Federal clean air standards while

19   undergoing an official emissions test.  In the process, Defendants, and each of

20   them, have deliberately defrauded the United States government and its citizens,

21   and intentionally jeopardized the long-term health and well-being of millions of

22   Americans.

23   2.    On or about March 25, 2015, Plaintiff leased a new 2015

24   Volkswagen Passat TDI SE from Pacific Volkswagen, located at 14900 Hindry

25   Avenue, Hawthorne, California, 90250, with a sticker price of approximately

26   $30,000.  The terms of his lease included a monthly payment of approximately

27   $350.00 for 3 years or 36,000 miles.

28   3.    The purported low emissions of Defendants' Clean Diesel technology

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

were one of the primary reasons behind Plaintiff's decision to lease this vehicle. Plaintiff reasonably relied on Defendants' representations that their Clean Diesel vehicles were designed to be much more environmentally conscious that other vehicles, with lower carbon emissions than other diesel vehicles, and less toxic, potentially dangerous exhaust fumes emitted.  Furthermore, Plaintiff reasonably relied on Defendants' reputation for truth in marketing, and believed that the vehicle complied with all applicable emissions laws and had a better fuel economy that similarly priced cars.

4.     Plaintiff's vehicle is one of many VW, Audi and Porsche vehicles equipped with a 2.0L TDI Clean Diesel Engine, or Engine with similar cloaking software sold by Defendants.  These vehicles are hereinafter referred to as "Class Vehicles."

<u>**PARTIES**</u>

5.     Plaintiff Michael Macauley is a natural person residing in Los Angeles County in California.

6.     Defendant Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business at 2200 Ferdinand Porsche Drive, Herndon, Virginia.  Volkswagen Group of America, Inc. own and operates a test center in Oxnard, California, which conducts critical work on governmental compliance for Volkswagen and Plaintiff believes that substantial percentage of Defendants' acts occurred in this District.  Volkswagen Group of America, Inc. registered agent for service of process is CSC – Lawyers Incorporating Service located at 270 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

7.     Defendant Volkswagen of America, Inc. is a New Jersey corporation with its principal place of business at 2200 Ferdinand Porsche Drive, Herndon, Virginia and is an operating unit of Volkswagen Group of America, Inc.

8.     Defendant Volkswagen Aktiengesellschaft, doing business as Volkswagen Group and/or Volkswagen AG (hereinafter, "VW AG"), is a

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1   corporation organized and existing under the laws of Germany, with its principal

2   place of business located in Wolfsburg, Germany. VW AG is the parent

3   corporation of Volkswagen Group of America, Inc.

4       9.      Defendants Volkswagen Group of America, Inc., Volkswagen of

5   America, Inc. and Volkswagen Aktiengesellschaft are referred to herein

6   collectively as "Defendants" and/or "VW".

7       10.     Plaintiff is informed and believes that Defendants conducted and

8   conduct business in Los Angeles County.

9       11.     The above named Defendants, and their subsidiaries and agents, are

10  collectively referred to as "Defendants."  The true names and capacities of the

11  Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are

12  currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

13  names.  Each of the Defendants designated herein as a DOE is legally responsible

14  for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend

15  the Complaint to reflect the true names and capacities of the DOE Defendants

16  when such identities become known.

17      12.     Plaintiff is informed and believes, and thereon alleges, that at all

18  relevant times, each and every defendant was acting as an agent and/or employee

19  of each of the other Defendants, and was the owner, agent, servant, joint venturer

20  and employee, each of the other and each was acting within the course and scope

21  of its ownership, agency, service, joint venture and employment with the full

22  knowledge and consent of each of the other Defendants.  Plaintiff is informed and

23  believes, and thereon alleges, that each of the acts and/or omissions complained of

24  herein was made known to, and ratified by, each of the other Defendants.

25      13.     At all times mentioned herein, each and every defendant was the

26  successor of the other and each assumes the responsibility for each other's acts

27  and omissions.

28  ///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1

## JURISDICTION & VENUE

2      14.    At all times relevant, Plaintiff is an individual residing within the

3   State of California.

4      15.    Plaintiff is informed and believes, and thereon alleges, that at all

5   times relevant, Defendants conducted business in the State of California. Plaintiff

6   is informed and believes, and thereon alleges, that at all time relevant,

7   Defendant's sales of products and services are governed by the controlling law in

8   the state in which they do business and from which the sales or products and

9   services, and the allegedly unlawful acts originated, which is California.

10     16.    Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff,

11  a resident of Los Angeles, California, seeks relief on behalf of a nationwide class,

12  which will result in at least one class member belonging to a different state.  In

13  addition, the matter in controversy exceeds $5,000,000 exclusive of interest of

14  costs.  Therefore, both diversity jurisdiction and the damages threshold under the

15  Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has

16  jurisdiction.

17     17.    Further, this Court has jurisdiction under 28 U.S.C. § 1331, because

18  this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

19     18.    Venue is proper pursuant in the United States District Court for the

20  Central District of California pursuant to 28 U.S.C. § 1391 for the following

21  reasons: (i) the conduct complained of herein occurred within this judicial district;

22  and (ii) Defendants conduct business within this judicial district at all times

23  relevant.

24     19.    Because all defendants conduct business within the State of

25  California, personal jurisdiction is established.

26                            ## FACTUAL ALLEGATIONS

27     20.    The most prominent United States law that regulates vehicle

28  emissions is the Clean Air Act, 42 U.S.C. § 7401, *et seq*.  The Clean Air Act

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1   ("CAA") "is the comprehensive federal law that regulates air emissions from

2   stationary and mobile sources. Among other things, this law authorizes EPA to

3   establish National Ambient Air Quality Standards (NAAQS) to protect public

4   health and public welfare and to regulate emissions of hazardous air pollutants[1]."

5   In 1990, the United States amended the CAA to establish much stricter pollution

6   regulations for vehicle emissions in order to reduce tailpipe emissions of

7   hydrocarbons, carbon monoxide, and nitrogen oxides.  Under the CAA, the EPA

8   oversees a certification program in order to ensure that every vehicle introduced

9   into the United States market satisfies emission standards.  Vehicles cannot be

10  sold in the United States unless they have obtained a Certificate of Conformity

11  ("COC") from the EPA.

12      21.    Ever since this 1990 amendment to the CAA, automobile

13  manufacturers have been scrambling to bring high performance, yet low emission

14  and "eco-friendly" vehicles to market.  In 2008, Defendants introduced the 2.0L

15  TDI Clean Diesel engine to a number of their vehicle models, purportedly to fill

16  this market void.  Mark Barnes, Chief Operating Officer of Defendant

17  VOLKSWAGEN GROUP OF AMERICA, INC., even went so far to as to boast

18  that "[f]or over 30 years, Volkswagen has been developing and refining diesel

19  engine technology to help bring an ever-improving host of benefits to drivers now

20  and into the future[2]."  That Barnes' statement was made after the 2.0L TDI(R) had

21  been named to *Ward's AutoWorld*'s 10 Best Engines of 2010 illustrates the degree

22  of unabashed brazenness with which the Defendants have acted.

23      22.    What Barnes failed to mention is that refining the diesel engine was

24  not Volkswagen's sole technological innovation.  In fact, Defendants were also

25  pioneering software designed to circumvent compliance with CAA emissions

26  standards, despite the very well-known health risks that these pollutants pose to

27

28

---

[1] http://www2.epa.gov/laws-regulations/summary-clean-air-act
[2] http://dieseldig.com/2010/02/10/volkswagens-20l-tdi-clean-diesel-engine-named-a-wards-10-best-engine-for-2010/#.VgHaQstVhBc

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

the public.  As the EPA's September 18, 2015 press release[3] revealed, Defendants manufactured and sold certain four cylinder diesel cars from model years 2009-2015 that included what the EPA calls a "defeat device", which is an auxiliary emission control device that "reduces the effectiveness of the emission control system under conditions which may reasonably be expected to be encountered in normal vehicle operation and use." 40 C.F.R. § 86.1803-01.

23.     In this matter, defendants included in a number of their Clean Diesel models a sophisticated software algorithm capable of detecting when the vehicle is undergoing official emissions testing.  Upon detecting that an official omissions test was underway, the software would then activate the vehicle's full emissions controls, and would thus be capable of passing vehicle emissions standards.  However, during normal operation of the vehicle, the effectiveness of the emissions control system is greatly diminished, resulting in emissions on nitrogen oxides ("NOx") at up to 40 times the legal standard.

24.     The reduction of NOx emissions was one of the primary goals when the United States ratified the 1990 Amendments to the CAA.  As detailed in the EPA Press Release, "NOx pollution contributes to nitrogen dioxide, ground-level ozone, and fine particulate matter. Exposure to these pollutants has been linked with a range of serious health effects, including increased asthma attacks and other respiratory illnesses that can be serious enough to send people to the hospital. Exposure to ozone and particulate matter have also been associated with premature death due to respiratory-related or cardiovascular-related effects." Perhaps the most despicable fact in this matter is that Defendants' actions were made with full knowledge that the most vulnerable members of society – including children, the elderly, and those with pre-existing medical conditions – are those most likely to succumb to the effects of the pollutants that Defendants

---

[3]
http://yosemite.epa.gov/opa/admpress.nsf/6424ac1caa800aab85257359003f5337/dfc8e33b5ab162b985257ec40057
813b!OpenDocument

1  knowingly allowed their so-called "Clean Diesel" vehicles to emit.

2      25.    At least eight separate Volkswagen diesel models, spanning at least

3  four and as many as seven model years, have been found to contain the "defeat

4  device".  Discovery may reveal additional models and model years containing this

5  software, which could greatly expand the impact of Defendants acts beyond what

6  is currently known.

7      26.    Defendants' fraudulent acts of deception allowed them to corner the

8  market on high performance "Clean Diesel" automobiles, likely due to the fact

9  that other automobile manufacturers could not compete with the impossible

10  performance capabilities and emissions standards of vehicles containing the

11  "defeat device".  Defendants intentionally and shamelessly misrepresented

12  themselves as the pinnacle of Clean Diesel engineering, including numerous

13  marketing campaigns for the affected vehicles which touted their high

14  performance and environmental friendliness.

15      27.    Defendants were able to reap substantial profits by marketing their

16  fraudulent Clean Diesel engines.  Customers, including Plaintiff, paid a significant

17  premium on cars with the 2.0L TDI Clean Diesel engine, typically on the order of

18  several thousand dollars more than what they would have paid for the same model

19  vehicle with a normal gasoline engine.

20      28.    By manufacturing and selling vehicles containing this software,

21  Defendants have violated the Clean Air Act, engaged in unfair business practices

22  under state and federal law, and most despicably, have defrauded and endangered

23  large segments of the American public.

24      29.    On or about March 25, 2015, Plaintiff leased a new 2015

25  Volkswagen Passat TDI SE from Pacific Volkswagen, located at 14900 Hindry

26  Avenue, Hawthorne, California, 90250, with a sticker price of approximately

27  $30,000.  The terms of his lease included a monthly payment of approximately

28  $350.00 for 3 years or 36,000 miles.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

30.     The purported low emissions of Defendants' Clean Diesel technology were one of the primary reasons behind Plaintiff's decision to lease this vehicle. Plaintiff reasonably relied on Defendants' representations that their Clean Diesel vehicles were designed to be much more environmentally conscious that other vehicles, with lower carbon emissions than other diesel vehicles, and less toxic, potentially dangerous exhaust fumes emitted.  Furthermore, Plaintiff reasonably relied on Defendants' reputation for truth in marketing, and believed that the vehicle complied with all applicable emissions laws and had a better fuel economy that similarly priced cars.

31.     Had Plaintiff and other members of the Class known that the vehicle they were acquiring did not meet state and federal emissions standards, they would not have purchased and/or leased them.  Similarly, had they known that Defendants made so many intentional misrepresentations in their marketing materials, they would not have purchased and/or leased from them

32.     As a result of Defendants deceptive and fraudulent acts and omissions, owners and lessees of the affected vehicles have suffered actual financial damages and/or losses to their property.  While the EPA has ordered Defendants to recall all affected vehicles and ensure that they comply with all CAA emissions requirements, Volkswagen will not be able to achieve the same level of performance that Plaintiff and Class expected when they acquired their vehicle.  This will cause the putative Class members, including Plaintiff, to suffer actual harm and financial damages, including but not limited to diminution of value.

33.     Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

///

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1

2

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

## DELAYED DISCOVERY – TOLLING OF THE STATUTE OF LIMITATIONS

34.     The Defendants actions caused any delay by Plaintiff of the acts alleged herein, which would have been brought earlier.  Any applicable statute of limitation has been tolled by Defendants' knowledge, active concealment, and denial of the facts alleged herein. Plaintiff and proposed class members could not have reasonably discovered the true, defective nature of the proposed Class Vehicles until shortly before this litigation commenced. Defendants are further estopped from relying on any statute of limitation because of their concealment of the defective nature of the Class Vehicles and their engines.

### CLASS ALLEGATIONS

35.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or other applicable law, on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

Class:

> All persons or entities in the United States who purchased, owned or lease a Volkswagen, Audi or Porsche vehicle equipped with a 2.0L TDI Clean Diesel Engine, or Engine with similar cloaking software sold by Defendants.

California Subclass:

> All persons or entities who resident in the State of California who purchased, owned or lease a Volkswagen, Audi or Porsche vehicle equipped with a 2.0L TDI Clean Diesel Engine, or Engine with similar cloaking software sold by Defendants.

36.     Excluded from the Class are governmental entities, Defendants, any

1  entity in which Defendants have a controlling interest, and Defendants' officers,

2  directors, affiliates, legal representatives, employees, co-conspirators, successors,

3  subsidiaries, and assigns.  Also excluded from the Class are any judges, justices or

4  judicial officers presiding over this matter and the members of their immediate

5  families and judicial staff.

6      37.    Plaintiff does not know the exact number of persons in the Class or

7  Subclasses, but believes them to be in the several hundreds, if not thousands,

8  making joinder of all these actions impracticable.

9      38.    The identity of the individual members is ascertainable through

10  Defendant's and/or Defendant's agents' records or by public notice.

11      39.    There is a well-defined community of interest in the questions of law

12  and fact involved affecting the members of the Class.

13      40.    Plaintiff will fairly and adequately protect the interest of the Class.

14      41.    Plaintiff has retained counsel experienced in consumer class action

15  litigation and product liability cases.

16      42.    Plaintiff's claims are typical of the claims of the Class, which all

17  arise from the same operative facts involving Defendant's practices.

18      43.    A class action is a superior method for the fair and efficient

19  adjudication of this controversy.

20      44.    Class-wide damages are essential to induce Defendants to comply

21  with the federal and state laws alleged in the Complaint.

22      45.    Class members are unlikely to prosecute such claims on an individual

23  basis since the individual damages are small.  Management of these claims is

24  likely to present significantly fewer difficulties than those presented in many class

25  claims, e.g., securities fraud.

26      46.    Defendant has acted on grounds generally applicable to the Class

27  thereby making appropriate final declaratory relief with respect to the Class as a

28  whole.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

47.     Members of the Class are likely to be unaware of their rights.

48.     Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication.

49.     Plaintiffs request certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

50.     This action is properly maintainable as a class action.  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

51.     **Numerosity**:  The proposed Class is so numerous that individual joinder of all members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more.   Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

52.     Plaintiff and members of the Class were harmed by the acts of Defendant(s) in at least the following ways:  violation of California's Consumers Legal Remedies Act, Cal. *Civ. Code* §§ 1770(a)(5), (a)(7), (a)(9), (a)(13), (a)(14) and (a)(19); Clean Air Act, 42 U.S.C. §§ 7522(a)(1); 7522(a)(3)(B), 7524(a) and 40 CFR § 194. Magnusson-Moss Warranty Act, 15 U.S.C. § 2301; Cal. *Civ. Code* §§ 1709, 120, 1791.1, 1791.2, 1792 and Cal. *Com.* Code § 2314Electronic Funds Act 15 U.S.C. § 1693, *et seq*.; and engaging in conduct that violates the federal prohibition on bait and switch advertising tactics in violation of 16 C.F.R. 238, *et seq*.

53.     **Common Questions of Law and Fact Predominate**:  The questions of law and fact common to the Class predominate over questions affecting only individual class members, in that the claims of all Class members for each of the claims herein can be established with common proof, and include, but are not

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

limited to, the following:

(a) Whether Defendants' practices are "unfair" as defined by Cal. *Bus. & Prof. Code* § 17200;

(b) Whether Defendants' practices are "illegal" as defined by Cal. *Bus. & Prof. Code* § 17200;

(c) Whether Defendants' practices are "fraudulent" as defined by Cal. *Bus. & Prof. Code* § 17200;

(d) Whether such practices violate Cal. *Bus. & Prof. Code* §§ 17200, *et seq.*;

(e) Whether Defendants violated Cal. *Bus. & Prof. Code* §§ 17500, *et seq.*;

(f) Whether Defendants designed, manufactured, distributed, leased, sold or otherwise placed Class Vehicles into the stream of commerce in the United States knowing that the Class Vehicles did not comply with applicable federal and state emissions standards.

(g) Whether Defendants designed and manufactured the vehicles with software to defect accurate detection of emissions;

(h) Whether Defendants designed and manufactured the vehicles with software to defect accurate detection of emissions in an effort to evade regulatory emissions requirements to represent that the Class Vehicles had characteristics they did not

(i) Whether Defendants knew the Class Vehicles violated the Clean Air Act;

(j) Whether Defendants breached the express terms of the contracts with its customers in the Class;

(k) Whether Defendants violated Cal. *Civ. Code* §§ 1750, *et seq.*;

(l) Whether Defendants violated Cal. *Bus. & Prof. Code* §§ 17500;

(m) Whether Plaintiff and class members are entitled to declaratory relief,

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

injuctive relief and/or restitution under Cal. *Bus. & Prof. Code* § 17535;

(n) The proper formula(s) for calculating and/or restitution owed to Class members;

(o) Whether members of the Classes are entitled to statutory damages;

(p) Whether members of the Classes are entitled to declaratory relief; and,

(q) Whether members of the Classes are entitled to injunctive relief.

54. **Typicality**: Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members. The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

55. **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class, and have financial resources to do so.

56. **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court

system, and protects the rights of each Class member.

57.   Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

58.   Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct.  Defendant(s) have acted, or refused to act, on gorunds generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, CALIFORNIA BUS. & PROF. CODE §§ 17200, *ET SEQ.*)

### (Against All Defendants on Behalf of Plaintiff and the Classes)

59.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

60.   Cal. *Bus. & Prof. Code* §§ 17200, *et seq.*, ("UCL") prohibits any "unlawful, unfair or "fraudulent" ... business act or practice."

*UNLAWFUL*

61.Defendants committed "unlawful" business acts and practices by:

(a)   engaging in conduct that violates California's Consumers Legal Remedies Act, Cal. *Civ. Code* §§ 1770(a)(5), (a)(7), (a)(9), (a)(13), (a)(14) and (a)(19);

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

(b)     Clean Air Act, 42 U.S.C. §§ 7522(a)(1); 7522(a)(3)(B), 7524(a) and 40 CFR § 194.

(c)     Magnusson-Moss Warranty Act, 15 U.S.C. § 2301; and

(d)     Cal. *Civ. Code* §§ 1709, 120, 1791.1, 1791.2, 1792 and Cal. *Com. Code* § 2314Electronic Funds Act 15 U.S.C. § 1693, *et seq*.;

(e)     engaging in conduct that violates the federal prohibition on bait and switch advertising tactics in violation of 16 C.F.R. 238, *et seq.*

62.     Such conduct is ongoing and continues to this date and violates the unlawful prong of the UCL.

*FRAUDULENT*

63.     In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

64.     The test for "fraud" as contemplated by Cal. *Bus. & Prof. Code* §§ 17200, *et seq.* is whether the public is likely to be deceived. Unlike common law fraud, a UCL violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

65.     Defendant failed to disclose to Plaintiff or others that the emissions standards of the Class Vehicles were not as advertised and induced Plaintiff and other class members to purchase the Class Vehicles at inflated prices based on those misrepresentations.

66.     Thus, Defendant's conduct has violated the "fraudulent" prong of Cal. *Bus. & Prof. Code* § 17200.

67.     Such conduct is ongoing and continues to this date and violates the fraudulent prong of the UCL.

68.     Plaintiff seeks declaratory relief, restitution and disgorgement of all profits obtained.

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

## SECOND CAUSE OF ACTION

### (VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE §§ 1750, *ET SEQ.*)

### (Against All Defendants on Behalf of Plaintiff and the Classes)

69.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

70.    The California Consumers Legal Remedies Act (the "CLRA"), Cal. *Civ. Code* §§ 1770, *et seq.*, was enacted to protect consumers against unfair and deceptive business practices.  It creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices.  Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection.  Cal. *Civ. Code* § 1760.  The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes.  *Id*.  The CLRA applies to Defendants's acts and practices described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to Plaintiff and others similarly situated.

71.    The Class Vehicles are a "good" within the meaning of Cal. *Civ. Code* § 1761(a), and the transactions/agreements are "transactions" within the meaning of Cal. *Civ. Code* § 1761(e).

72.    Plaintiff and Class Members are "consumers" within the meaning of Cal. *Civ. Code* § 1761(d). Plaintiff and Class Members and Defendants are "persons" within the meaning of Cal. *Civ. Code* § 1761(c).

73.    The Consumers Legal Remedies Act, Cal. *Civ. Code* §§ 1750, *et seq*. (the "CLRA") prohibits "unfair methods of competition and unfair or deceptive acts or practices," including but not limited to:

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

(a)    Cal. *Civ. Code* § 1770(a)(5) "Representing that goods or services haves sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have";

(b)    Cal. *Civ. Code* § 1770(a)(7) "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another";

(c)    Cal. *Civ. Code* § 1770(a)(9) "Advertising goods or service with intent not to sell them as advertised";

(d)    Cal. *Civ. Code* § 1770(a)(13) "Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions";

(e)    Cal. *Civ. Code* § 1770(a)(14) "Represent that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law";

(f)    Cal. *Civ. Code* § 1770(a)(16) "Represent that the subject of a transaction has been supplied in accordance with a previous representation when it has not"; and

(g)    Cal. *Civ. Code* § 1770(a)(19) "Inserting an unconscionable provision in the contract.

74.    Any waiver by Plaintiff and Class Members of the provisions of the CLRA is contrary to public policy and is unenforceable and void under Cal. *Civ. Code* § 1751.

75.    Pursuant to Cal. *Civ. Code* § 1782, Plaintiff intends to notify Defendants of the particular violations of Cal. *Civ. Code* § 1770 (the "Notice Letter"). If Defendants fails to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter, pursuant to Cal. *Civ. Code* § 1782, Plaintiff will

1   amend this Complaint to request damages and other monetary relief under the

2   CLRA.

### THIRD CAUSE OF ACTION

**(VIOLATION OF THE CALIFORNIA FALSE ADVERTISING ACT,**

**CALIFORNIA BUS. & PROF. CODE §§ 17500, *ET SEQ.*)**

**(Against All Defendants on Behalf of Plaintiff and the Classes)**

7       76.     Plaintiff hereby incorporates by reference and re-alleges each and

8   every allegation set forth in each and every preceding paragraph of this

9   Complaint, as though fully set forth herein.

10      77.     Pursuant to Cal. *Bus. & Prof. Code* §§ 17500, *et seq.*, ("FAL") it is

11  unlawful to engage in advertising "which is untrue or misleading, and which is

12  known, or which by the exercise of reasonable care should be known, to be untrue

13  or misleading."

14      78.     Defendants caused to be made or disseminated through California

15  and the United States, through advertising, marketing and other publications,

16  statements that were untrue or misleading, including statements on the vehicle

17  Monroney sticker and in nationally distributed print and video advertisements that

18  the Class Vehicles were "clean diesel." Defendants also caused to be made or

19  disseminated through California and the United States, through its USA Warranty

20  and Maintenance booklet, the misrepresentation that the Class Vehicles were

21  "designed, built and equipped so as to conform at the time of sale with all

22  applicable regulations of the United States Environmental Protection Agency

23  (EPA), and [are] free from defects in material and workmanship which causes the

24  vehicle(s) to fail to conform with EPA regulations." These statements were

25  known, or which by the exercise of reasonable care should have been known, to

26  Defendants to be untrue and misleading to consumers, including Plaintiff and the

27  other Class Members.

28      79.     As a direct and proximate result of Defendant's misleading and false

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1  advertising, Plaintiff and the other Class Members have suffered injury in fact and

2  have lost money or property.  Plaintiff reasonably relied upon Defendant's

3  representations regarding the Class Vehicles.  In reasonable reliance on

4  Defendant's false advertisements, Plaintiff and other Class Members purchased,

5  owned or lease Class Vehicles.  In turn, Plaintiff and other Class Members were

6  have suffered injury in fact.

7          80.     The misleading and false advertising described herein presents a

8  continuing threat to Plaintiff and the Class Members in that Defendant persists

9  and continues to engage in these practices, and will not cease doing so unless and

10 until forced to do so by this Court.  Defendant's conduct will continue to cause

11 irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled

12 to preliminary and permanent injunctive relief ordering Defendant to cease their

13 false advertising, as well as disgorgement and restitution to Plaintiff and all Class

14 Members, Defendant's revenues associated with their false advertising, or such

15 portion of those revenues as the Court may find equitable.

16                          **FOURTH CAUSE OF ACTION**

17          **(BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY,**

18                          **CALIFORNIA COM. CODE § 2134.)**

19          **(Against All Defendants on Behalf of Plaintiff and the Classes)**

20          81.     Plaintiff hereby incorporates by reference and re-alleges each and

21 every allegation set forth in each and every preceding paragraph of this

22 Complaint, as though fully set forth herein.

23          82.     Defendants are and were at all relevant times merchants with respect

24 to motor vehicles under Cal. *Com. Code* § 2104. 164. A warranty that the Class

25 Vehicles were in merchantable condition was implied by law in the instant

26 transaction, pursuant to Cal. *Com. Code* § 2314. 165. These Class Vehicles, when

27 sold and at all times thereafter, were not in merchantable condition and are not fit

28 for the ordinary purpose for which cars are used. Specifically, the Class Vehicles

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

were defective in that they were equipped with a defeat device, the sole purpose of which was to circumvent federal and state emissions standards. Defendants were fully aware of this issue, as evidenced by the fact that on September 3, 2015, it admitted to EPA and CARB officials the existence of the defeat device when threatened with the withholding of Certificates of Conformity for its 2016 model year diesel vehicles. Plaintiff and the other Class members have had sufficient direct dealings with either Defendants or its agents (dealerships) to establish privity of contract between Plaintiff and the other Class Members.

83.     Notwithstanding this, privity is not required in this case because Plaintiff and the other Class Members are intended third-party beneficiaries of contracts between Defendants and its dealers; specifically, they are the

84.     As a direct and proximate result of Defendants' breach of the warranties of merchantability, Plaintiff and the other Class Members have been damaged in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (BREACH OF CONTRACT

### (Against All Defendants on Behalf of Plaintiff and the Classes)

85.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

86.     Plaintiff, individually and on behalf of the other Class Members, pleads in the alternative under common law warranty and contract law. Defendants limited the remedies available to Plaintiff and the other Class Members to repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Defendants and/or warranted the quality or nature of those services to Plaintiff and the other Class Members. Defendants breached this warranty or contract obligation by failing to repair or replace the Class Vehicles' defective emissions systems.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

87.     The material terms of the contract also included the implied covenant of good faith and fair dealing, whereby Defendants covenanted that they would, in good faith and in the exercise of fair dealing, deal with Plaintiff and each Class Member fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's and the Class Members' rights and benefits under the contract.

88.     Plaintiff and the Class Members have performed all conditions, covenants, and promises required by each of them on their part to be performed in accordance with the terms and conditions of the contract. Defendants breached the contract and the implied covenant of good faith and fair dealing by, inter alia, equipping the Class Vehicles with defective emissions standards that were not in compliance with federal and state emissions standards. As a direct and proximate result of Defendants' breach of contract or common law warranty, Plaintiff and the other Class Members have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

## SIXTH CAUSE OF ACTION

### (VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT FOR

### BREACH OF EXPRESS WARRANTIES,

### CALIFORNIA CIVIL CODE §§ 1791.2 AND 1793.3(D))

### (Against All Defendants on Behalf of Plaintiff and the California Class)

89.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

90.     Plaintiff and the other Class Members who purchased or leased the Class Vehicles in California are "buyers" within the meaning of Cal. *Civ. Code* § 1791(b). 186. The Class Vehicles are "consumer goods" within the meaning of Cal. *Civ. Code* § 1791(a). Defendants are "manufacturers" of the Class Vehicles

1   within the meaning of California Civil Code § 1791(j).

2   91.   Plaintiff and the other Class Members purchased/leased new motor

3   vehicles manufactured by Defendants. Defendants made express warranties to

4   Plaintiff and the other Class Members within the meaning of Cal. *Civ. Code* §§

5   1791.2 and 1793.2, as described herein. , Defendants expressly warranted through

6   the New Vehicle Limited Warranty and through Federal Emissions Warranty that

7   they would repair or replace defects in material or workmanship free of charge if

8   they became apparent during the warranty period.

9   92.   As set forth above in detail, the Class Vehicles are inherently

10  defective in that there are defects in the Class Vehicles' emissions system and

11  ECM that render it out of compliance with federal and state emissions standards.

12  This defect was and continues to be covered by Defendants' express warranties,

13  and these defects substantially impair the use, value, and safety of the Class

14  Vehicles to reasonable consumers like Plaintiff and the other Class members.

15  Defendants and its authorized repair facilities failed and continue to fail to repair

16  the Class Vehicles to match Defendants' written warranties after a reasonable

17  number of opportunities to do so. Defendants and its authorized repair facilities

18  refuse and have failed to replace the defective emissions system, even when they

19  represented to federal and state officials that they were doing so. Defendants did

20  not promptly replace or buy back the Class Vehicles of Plaintiff and the other

21  Class members.

22  93.   As a result of Defendants' breach of its express warranties, Plaintiff

23  and the other Class Members received goods whose dangerous condition

24  substantially impairs their value to Plaintiff and the other Class Members.

25  Plaintiff and the other Class Members have been damaged as a result of the

26  diminished value of the Class Vehicles and/or the failure of the Class Vehicles to

27  possess the performance and/or fuel economy characteristics as advertised.

28  94.   Pursuant to Cal. *Civ. Code* §§ 1793.2 & 1794, Plaintiff and the other

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

Class Members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Class Vehicles, or the overpayment or diminution in value of their Class Vehicles.

95.    Pursuant to Cal. *Civ. Code* § 1794, Plaintiff and the other Class Members are entitled to costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### (VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH OF IMPLIED WARRANTIES, CALIFORNIA CIVIL CODE §§ 1791.1 AND 1792)

### (Against All Defendants on Behalf of Plaintiff and the Classes)

96.    Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

97.    Plaintiff and the other Class Members who purchased or leased the Class Vehicles in California are "buyers" within the meaning of Cal. *Civ. Code* § 1791(b). 186. The Class Vehicles are "consumer goods" within the meaning of Cal. *Civ. Code* § 1791(a). Defendants are "manufacturers" of the Class Vehicles within the meaning of Cal. *Civ. Code* § 1791(j).

98.    Defendants impliedly warranted to Plaintiff and the other Class members that their Class Vehicles were "merchantable" within the meaning of Cal. *Civ. Code* §§ 1791.1(a) & 1792, however, the Class Vehicles do not have the quality that a buyer would reasonably expect.

99.    The Class Vehicles would not pass without objection in the automotive trade because of the defects in the Class Vehicles' emissions system that cause it to be out of compliance with state and federal emissions standards. Because of the defects in the Class Vehicles' emissions systems, they are not safe to drive and not in compliance with federal and state laws, and thus not fit for ordinary purposes.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

100. The Class Vehicles are not adequately labeled because the labeling fails to disclose the defects in the Class Vehicles' emissions systems.

101. Defendants breached the implied warranty of merchantability by manufacturing and selling Class Vehicles containing defects associated with the emissions system.

102. Furthermore, these defects have caused Plaintiff and the other Class Members to not receive the benefit of their bargain and have caused Class Vehicles to depreciate in value.

103. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and the other Class Members received goods whose dangerous and dysfunctional condition substantially impairs their value to Plaintiff and the other Class Members. Plaintiff and the other Class Members have been damaged as a result of the diminished value of Defendants' products and the products' malfunctioning.

104. Pursuant to Cal. *Civ. Code* §§ 1791.1(d) & 1794, Plaintiff and the other Class Members are entitled to damages and other legal and equitable relief including, at their election, the purchase price of their Class Vehicles, or the overpayment or diminution in value of their Class Vehicles.

105. Pursuant to Cal. *Civ. Code* § 1794, Plaintiff and the other Class Members are entitled to costs and attorneys' fees.

## EIGHT CAUSE OF ACTION

### (VIOLATION OF THE MAGNUSSON-MOSS WARRANTY ACT, 15 U.S.C. 2301, *ET SEQ.*)

### (Against All Defendants on Behalf of Plaintiff and the Classes)

106. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

107. Plaintiff brings this claim on behalf of himself, the Class and the

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1    California Class.

2         108.   Plaintiff and the Class Members are "consumers" within the meaning

3    of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3). Defendants are

4    "suppliers" and "warrantors" within the meaning of the Magnuson-Moss

5    Warranty Act, 15 U.S.C. § 2301(4)-(5).

6         109.   The Class Vehicles are "consumer products" within the meaning of

7    the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

8         110.   Title 15, United States Code, section 2301(d)(1) provides a cause of

9    action for any consumer who is damaged by the failure of a warrantor to comply

10   with a written or implied warranty. Defendants' express warranties are written

11   warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §

12   2301(6).

13        111.   The Class Vehicles' implied warranties are covered under 15 U.S.C.

14   § 2301(7). Defendants breached these warranties as described in more detail

15   above. The Class Vehicles are equipped with the 2.0L TDI clean diesel engine.

16   The Class Vehicles share a common defect in that they were designed and

17   manufactured with a defeat device such that they are not in compliance with the

18   Clean Air Act and cannot meet state and federal emissions standards under

19   normal driving conditions.

20        112.   Plaintiff and the other Class Members have had sufficient direct

21   dealings with either Defendants or their agents (dealerships and technical support)

22   to establish privity of contract between Defendants, on one hand, and Plaintiff and

23   each of the other

24        113.   Class Members on the other hand. Nonetheless, privity is not

25   required here because Plaintiff and each of the other Class Members are intended

26   third-party beneficiaries of contracts between Defendants' and its dealers, and

27   specifically, of Defendants' express and implied warranties. The dealers were not

28   intended to be the ultimate consumers of the Class Vehicles and have no rights

under the warranty agreements provided with the Class Vehicles; the warranty agreements were designed for and intended to benefit the consumers only. Affording Defendants a reasonable opportunity to cure its breach of written warranties would be unnecessary and futile here. Defendants have engaged in a more than seven (7) year endeavor to knowingly conceal the fact that is designed and manufactured into the Class Vehicles a defeat device for the sole purpose of circumventing state and federal emissions standards. At the time of sale or lease of each Class Vehicle, Defendants knew, should have known, or were reckless in not knowing of its misrepresentations and omissions concerning the Class Vehicles' inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defect. Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiff resort to an informal dispute resolution procedure and/or afford Defendants a reasonable opportunity to cure their breach of warranties is excused and thereby deemed satisfied.

114.   Plaintiff and the other Class Members would suffer economic hardship if they returned their Class Vehicles but did not receive the return of all payments made by them. Because Defendants are refusing to acknowledge any revocation of acceptance and return immediately any payments made, Plaintiff and the other Class members have not re-accepted their Class Vehicles by retaining them.

115.   The amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

116.   Plaintiff and the Class seek all damages to be proven at trial including, but not limited to the diminution in value of their defective Class Vehicles.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

## NINTH CAUSE OF ACTION

### (FRAUD BY CONCEALMENT)

### (Against All Defendants on Behalf of Plaintiff and the Classes)

117.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

118.   Plaintiff brings this claim on behalf of himself and on behalf of the Class.

119.   The misrepresentations, nondisclosure, and/or concealment of material facts made by Defendants to Plaintiff and the members of the Class, as set forth above, were known, or through reasonable care should have been known, by Defendants to be false and material and were intended by Defendants to mislead Plaintiff and the members of the Class.

120.   Defendants had a duty to disclose these safety, quality, functionality, and reliability issues because they consistently marketed their Class Vehicles as possessing certain performance and fuel economy characteristics and as being in compliance with all applicable federal and state emissions standards. Defendants marketed the Class Vehicles as being "clean diesel." Once Defendants made representations to the public about safety, quality, functionality, and reliability, as well as about the performance and fuel economy characteristics of the "clean diesel" vehicles in particular, Defendants were under a duty to disclose these omitted facts, because where one does speak one must speak the whole truth and not conceal any facts which materially qualify those facts stated. One who volunteers information must be truthful, and the telling of a half-truth calculated to deceive is fraud.

121.   In addition, Defendants had a duty to disclose these omitted material facts because they were known and/or accessible only to Defendants which had superior knowledge and access to the facts, and Defendants knew they were not

1    known to or reasonably discoverable by Plaintiff and the other Class Members.

2    These concealed and omitted facts were material because they directly impact the

3    safety, quality, functionality, reliability, and value of the Class Vehicles.

4         122.   Defendants actively concealed and/or suppressed these material facts,

5    in whole or in part, with the intent to induce Plaintiff and the other Class

6    Members to purchase or lease Class Vehicles at a higher price for the Class

7    Vehicles, which did not match the Class Vehicles' true value. Plaintiff and the

8    Class Members were unaware of these omitted material facts that were actively

9    concealed and/or suppressed, in whole or in part, by Defendants with the intent to

10   induce Plaintiff and the other Class Members to purchase or lease the Class

11   Vehicles at a higher price for the Class Vehicles, which did not match the Class

12   Vehicles' true value.

13        123.   If Plaintiff and other Class Members had known these material facts,

14   they would not have acted as they did. Plaintiff's and the other Class Members'

15   actions were justified. Defendants were in exclusive control of the material facts

16   and such facts were not known to the public, Plaintiff, or the Class Members.

17        124.   As a result of the conduct of Defendants, Plaintiff and the Class

18   Members have been damaged because the value of Plaintiff's and the Class

19   Members' Class Vehicles have diminished as a result of Defendants' fraudulent

20   concealment of its scheme to circumvent federal and state emissions standards,

21   which has harmed the Volkswagen, Audi and Porsche brand names associated

22   with the Class Vehicles.

23        125.   Furthermore, based on information and belief, Plaintiff anticipates

24   that if and when Defendants are compelled to bring the Class Vehicles into

25   compliance with state and federal emissions standards, as indicated by the Notices

26   of Violations issued by the EPA and CARB, the Class Vehicles will no longer

27   possess the performance and/or fuel economy characteristics they were

28   represented to possess at the time of sale or lease.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

126.   Defendants are liable to Plaintiff and the Class Members for damages in an amount to be proven at trial.  In addition to such damages, Plaintiff seeks punitive or exemplary damages pursuant to Cal. *Civ. Code* § 3294 in that Defendants engaged in "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant[s] with the intention on the part of the defendant[s] of thereby depriving a person of property or legal rights or otherwise causing injury."

127.   Defendants wantonly, maliciously, oppressively deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and the Class Members' rights engaged in a systematic and intentional scheme to defraud consumers and state and federal regulators by circumventing the laws of the United States, state of California, and other states, by designing a defeat device in the form of a software algorithm whose sole purpose was to make it appear that the Class Vehicles complied with federal and state emissions standards when, in fact, they exceeded such standards by as much as 40 times. In perpetrating this scheme, Defendants were able to secure a 78% share of the automotive diesel market in the United States by representing their "clean diesel" vehicles to have performance and fuel economy characteristics that would not be possible if the Class Vehicles complied with federal and state emissions standards, not to mention taking market share away from cleaner burning hybrid and gasoline combustion cars by this fraud.

128.   Based on information and belief, Plaintiff alleges that Defendants engaged in a course of conduct to ensure that employees, dealers, and agents did not reveal this scheme to regulators or consumers in order to facilitate its fraudulent scheme and enhance Defendants' reputation and that of the Class Vehicles in order to sell more vehicles and to sell those vehicles at an inflated price. Defendants' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1   determined according to proof

2   **TENTH CAUSE OF ACTION**

3   (NEGLIGENT MISREPRESENTATION)

4   **(Against All Defendants on Behalf of Plaintiff and the California Class)**

5   129.   Plaintiff hereby incorporates by reference and re-alleges each and

6   every allegation set forth in each and every preceding paragraph of this

7   Complaint, as though fully set forth herein.

8   130.    Plaintiff brings this claim on behalf of himself and on behalf of the

9   members of the California Class.

10   131.   Defendants had a duty to provide honest and accurate information to

11   its customers so that customers could make informed decisions regarding the

12   purchase or lease of automobiles. Defendants specifically and expressly

13   misrepresented material facts to Plaintiff and Class Members, as set forth above,

14   including, but not limited to representations that the Class Vehicles complied with

15   federal and state emissions standards and possessed certain performance and fuel

16   economy characteristics. Defendants knew, or in the exercise of reasonable

17   diligence should have known, that the ordinary consumer would be misled by

18   these misrepresentations.

19   132.   Plaintiff and the Class seek all damages to be proven at trial

20   including, but not limited to the diminution in value of their defective Class

21   Vehicles.

22   **PRAYER FOR RELIEF**

23   WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for

24   relief and judgment as follows:

25   1.   Certifying the Class and/or Subclasses as requested herein;

26   2.   Providing such further relief as may be just and proper.

27   3.   Appointing Plaintiff and his counsel to represent the Class and/or

28   Subclasses;

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

In addition, Plaintiff, and The Class Members pray for further judgment as follows:

4.      Restitution of the funds improperly obtained by Defendants;

5.      Any and all statutory enhanced damages, including punitive and exemplary damages;

6.      All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

7.      for equitable and injunctive relief, including pursuant to Cal. *Bus. & Prof. Code* § 17203; and

8.      any and all other relief that this Court deems just and proper.


Dated:  September 22, 2015          Respectfully submitted,

                                By:   */s/ John P. Kristensen*
                                _____

                                John P. Kristensen (SBN 224132)
                                *john@kristensenlaw.com*
                                David L. Weisberg (SBN 211675)
                                *david@kristensenlaw.com*
                                **KRISTENSEN WEISBERG, LLP**
                                12304 Santa Monica Blvd., Suite 100
                                Los Angeles, California 90025
                                Telephone:  (310) 507-7924
                                Fax:  (310) 507-7906

                                Attorneys for Plaintiffs

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury for all such triable claims.

3

4

Dated:  September 22, 2015          Respectfully submitted,

5

By:  */s/ John P. Kristensen*

6

7

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*

8

David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*

9

**KRISTENSEN WEISBERG, LLP**

10

12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

11

Telephone:  (310) 507-7924
Fax:  (310) 507-7906

12

13

Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

## DECLARATION OF MICHAEL MACAULEY
### PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)

I, Michael Macauley, declare as follows:

1.      I submit this declaration pursuant to Section 1780(d) of the California Consumers Legal Remedies Act.  I have personal knowledge of the matters set forth below and if called as a witness, I could and would be competent to testify thereto.

2.      At all relevant times, I have been a resident of California.  It is my understanding that defendants business in Los Angeles, County.

3.      Lastly, the transactions involving myself and the defendants occurred in Los Angeles County.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 22, 2015 in El Segundo, California

_____
Michael Macauley

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025